```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                                Case No. 8:13-cr-86-T-33EAJ

JOEL COLON

_____/

**ORDER**

This matter is before the Court pursuant to Defendant Joel Colon's Motion in Limine (Doc. # 56), filed on July 25, 2013. The Government filed a response in opposition to the Motion (Doc. # 63) on July 28, 2013. On July 30, 2013, the Court heard argument on the Motion. For the reasons that follow, the Motion is denied.

**I.   Discussion**

Pursuant to Rule 403 of the Federal Rules of Evidence, Colon seeks to preclude the Government from referencing at trial (1) evidence of Colon's "admission to armed trafficking" made in connection with an admission of a violation of probation in a state court proceeding, and (2) "expert testimony regarding drug dealing activity." (Doc. # 56 at 2, 5).

**A.   Admission**

1

With regard to the evidence of Colon's violation-of-probation admission, the Court denies Colon's Motion as moot in light of the Government's stipulation not to introduce the challenged transcript or affidavit during its case in chief.

### B. Expert Testimony

Colon argues that the Government's expert is a "witness with no personal knowledge about the facts of the instant case as they relate to the Defendant's possession of a firearm," and that Colon is "unaware of any witness who could truthfully say that he possessed a firearm at any time or in furtherance of a drug trafficking crime." (Doc. # 56 at 5-6). Additionally, Colon cites <u>United States v. Emmanuel</u>, 565 F.3d 1324, 1335-36 (11th Cir. 2009), to support his contention that, although an experienced narcotics agent may testify as an expert to help a jury understand the significance of certain conduct or methods unique to the drug distribution business, such testimony "may unfairly provide the government with an additional summation by having the expert interpret the evidence, and may come dangerously close to invading the province of the jury." <u>Id.</u>

Federal Rule of Evidence 703, which governs the acceptable bases of an expert's opinion testimony, is specifically excepted from the "personal knowledge" requirement of Rule 602. While a non-expert witness "may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter," Fed. R. Evid. 602, "an expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed," Fed. R. Evid. 703. Accordingly, an expert's lack of personal knowledge does not warrant exclusion of expert opinion testimony.

Additionally, based on the information before the Court at this juncture, the Court finds no indication that the expert's testimony will improperly "invade the province of the jury," as Colon claims. Because the Government's witness may properly testify as to methods unique to the drug distribution business, see <u>United States v. Butler</u>, 102 F.3d 1191, 1199 (11th Cir. 1997), including the role that firearms play in that business, Colon's Motion in Limine is denied as to the "expert testimony regarding drug dealing activity."

Accordingly, it is

3

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Joel Colon's Motion in Limine (Doc. # 56) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 30th day of July, 2013.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:   All Counsel of Record